**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1388-18T1

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

SOLOMON R. WILBORN,

    Defendant-Appellant.

_____

Submitted March 26, 2020 – Decided June 26, 2020

Before Judges Alvarez and DeAlmeida.

On appeal from the Superior Court of New Jersey, Law Division, Camden County, Indictment No. 13-03-0949.

Joseph E. Krakora, Public Defender, attorney for appellant (Louis H. Miron, Designated Counsel, on the brief).

Jill S. Mayer, Acting Camden County Prosecutor, attorney for respondent (Nancy P. Scharff, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Solomon R. Wilborn appeals the September 10, 2018 Law Division order denying his petition for post-conviction relief (PCR). For the reasons stated by Judge Michele M. Fox regarding the issue now raised on appeal, we affirm.

A jury convicted defendant of first-degree armed robbery, N.J.S.A. 2C:15-1(a)(1), third-degree aggravated assault, N.J.S.A. 2C:12-1(b)(2), and related offenses. Two others were named in the indictment as co-defendants. Only defendant was charged with second-degree certain persons not to have weapons, N.J.S.A. 2C:39-7(b). The jury convicted him of that offense as well. The judge sentenced defendant on January 24, 2014 as a persistent offender, N.J.S.A. 2C:44-3(a), to an aggregate of thirty-four years, twenty-five and one-half of which were to be served subject to the No Early Release Act's eighty-five percent parole bar. N.J.S.A. 2C:43-7.2.

The convictions were affirmed, and the matter remanded for merger of an additional offense. State v. Wilborn, No. A-4317-13 (App. Div. Mar. 28, 2016). The Supreme Court denied certification. State v. Wilborn, 228 N.J. 77 (2016).

Defendant's PCR petition raised several ineffective assistance of counsel arguments. The only issue on appeal relates to newly discovered evidence.

A-1388-18T1

The incident involved three assailants attacking and robbing a man who was riding a bicycle. He was beaten, pistol whipped, and his belongings were taken. Shortly after the event, the police came upon the victim. The vehicle in question was almost immediately located nearby, and inside police found several items taken from the victim. A gun lay on the ground within a few feet of the car.

Defendant saw the police approach the vehicle and fled. He avoided capture by running into some woods, but was soon located walking away from the direction of the incident. The clothes he wore were stained with blood and DNA from the victim.

During the trial, the jury heard the police officer who first responded describe the scene, the items found in the vehicle, and recount that defendant was apprehended close by. The State also presented expert testimony regarding the DNA and blood splatters on defendant's clothing. One of the co-defendants identified defendant as not only being involved in the robbery, but having been the person who wielded the handgun.

In support of his PCR petition, defendant submitted the testifying co-defendant's one-page, five-paragraph affidavit. The co-defendant said

defendant had not been involved in the robbery, and that he testified against him because he was afraid if he did not, he would not "get [his] deal."

The judge found the "newly discovered evidence" failed to meet the three-part test enunciated in State v. Carter, 85 N.J. 300 (1981). The co-defendant's recantation was inherently untrustworthy, if for no other reason that despite claiming he feared if he did not testify, he would not get a plea, at the time of trial he had accepted a six-year term of imprisonment, which would be reduced by a year if he testified truthfully against defendant. Furthermore, although asserting that defendant was not involved, the co-defendant did not mention the third person involved in the robbery. Finally, the affidavit did not touch upon the other proofs the State presented to the jury, such as the victim's blood and DNA on defendant's clothing, the fact he was discovered near the scene of the crime, and that he was sweating profusely and "shaking a lot" when stopped. All told, the four corners of the affidavit cast doubt on its truthfulness. Thus, Judge Fox concluded that even if the jury had heard the co-defendant's new narrative, it was unlikely to have affected their ultimate decision. Since the affidavit failed the Carter[1] test, which requires the newly discovered evidence

---

[1]  State v. Carter, 85 N.J. at 314 (newly discovered evidence satisfies the standard for a new trial where it is material, came to light after the trial, and would probably change the jury's verdict).

to be material as well as have the potential of leading to a different outcome, she denied the motion for a new trial.

Now on appeal, defendant raises the following points for our consideration:

> I. THE PCR COURT SHOULD HAVE GRANTED DEFENDANT A NEW TRIAL IN THE INTEREST OF JUSTICE BASED UPON THE NEWLY DISCOVERED EVIDENCE CONCERNING THE STATE'S WITNESS WHO RECANTED HIS TRIAL TESTIMONY ALMOST TWO YEARS AFTER DEFENDANT'S CONVICTION.
>
> II. THE PCR COURT ABUSED ITS DISCRETION IN NOT CONDUCTING AN EVIDENTIARY HEARING TO ADDRESS DEFENDANT'S NEWLY DISCOVERED EVIDENCE CLAIM IN ORDER TO TEST THE VERACITY OF THE STATEMENTS CONTAINED IN THOMAS' AFFIDAVIT AND THEIR IMPACT ON DEFENDANT'S TRIAL.

Motions for a new trial are subject to abuse of discretion review pursuant to Rule 3:20-1. Such motions are granted where necessary to advance the interest of justice. Motions for a new trial based on newly discovered evidence must consist of proof which would affect the jury's verdict. See State v. Smith, 224 N.J. 36, 49 (2016). As Judge Fox pointed out, that is patently not the case here. The conviction was not based on the co-defendant's trial testimony. Rather, the testimony was just one piece of evidence the State presented to the

jury. Additionally, the "newly discovered evidence" was not credible. The petition was therefore properly denied.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION